

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 5:09-CR-043-C |
| | § | |
| MARVIN LEE WHITTINGTON (28) | § | |

## PLEA AGREEMENT

Marvin Lee Whittington, defendant, Russell I. Gunter, II, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Whittington understands that he has the right:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.  against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Whittington waives these rights and agrees to enter voluntary pleas of guilty before United States District Judge Sam R. Cummings on Thursday, November 19, 2009 at 1:15 P.M. in Lubbock, Texas, to the offense alleged in **Count 115** of the superceding indictment charging **Attempted Manufacture and Manufacture of Methamphetamine,** in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(C), and 846; and to the offense alleged in **Count 116** of the superceding indictment charging **Possession of Firearms in Furtherance of Drug Trafficking Crimes,** in violation of 18 U.S.C. § 924(c)(1)(A). Whittington understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose as to **Count 115** charging **Attempted Manufacture and Manufacture of Methamphetamine** include:

   a. imprisonment for a period not to exceed twenty (20) years;

   b. a fine not to exceed $1,000,000;

   c. a term of supervised release of at least three years which follows a term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

The maximum penalties the Court can impose as to **Count 116** charging **Possession of Firearms in Furtherance of a Drug Trafficking Crime** include:

   a. imprisonment for a period of not less than five (5) years and not more than life. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any

       person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment;

b.    a fine not to exceed $250,000;

c.    a term of supervised release of not more than 5 years, which follows a term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

d.    a mandatory special assessment of $100.00;

e.    restitution to victims or to the community, which may be mandatory under the law;

f.    costs of incarceration and supervision; and

g.    forfeiture of property.

4.    **Court's sentencing discretion and role of the Guidelines**: Whittington understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3552(a). The guidelines are not binding on the Court, but are advisory only. Whittington has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. All parties agree and stipulate that Whittington is responsible for a quantity of at least 30 grams but less than 40 grams of a mixture and substance containing a detectable amount of methamphetamine under section 2D1.1 of the United States Sentencing Guidelines. Provided that Whittington meets all the requirements set forth in section 3E1.1, makes

full and complete disclosure to the probation office and does nothing (and has done nothing since his arrest) to obstruct justice, the government will not oppose a three-level decrease for acceptance of responsibility. The government recommends that the Court recommend to the Federal Bureau of Prisons that the defendant be allowed to enroll in the Drug Treatment Program. Whittington understands that the above-referenced stipulations and/or agreements are not binding upon the Court or upon the probation office and he will not be allowed to withdraw his guilty plea should these stipulations and/or agreements not be followed by the Court. Whittington understands that the term of imprisonment as to Count 116 is 60 months which must be served consecutively to the term of imprisonment imposed by the Court on Count 115. Whittington fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Whittington agrees to pay to the U.S. District Clerk the amount of $200.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Upon demand, Whittington shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. The defendant waives all right, title, and interest in the following in a property in any federal administrative or judicial forfeiture proceeding: (1) an American

Gun Co., 20 gauge double barrel break open shotgun, with no Serial Number; (2) a German, Model EIG2, .22 caliber revolver, Serial Number 409269; (3) a Colt, .22 caliber derringer, Serial Number 31764DER; (4) a Colt, .22 caliber derringer, Serial Number. 31763DER; (5) a Taurus, .44 caliber revolver, Serial Number 0F292461; (6) a Ruger, .22 caliber pistol, Serial Number 16-10202; (7) a Glock, Model 21, .45 caliber pistol, Serial Number CFV362; (8) an Intratec, Model Tec 22, .22 caliber pistol, Serial Number 066007; (9) an Intratec, Model AB-10, 9mm caliber pistol, Serial Number A056278; (10) a Fabrique National D Arms de Guerre Hairstyle Belgique, .32 caliber pistol, Serial Number 702738; (11) an FIE, Model F15, .22 caliber revolver, Serial Number 36440; (12) a Tanfoglio, Model TA76, .22 caliber revolver, Serial Number B93394; (13) a Tanfoglio, Model TA76, .22 caliber revolver, Serial Number A91307; (14) a Winchester, Model 72, .22 caliber rifle, with no serial Number; (15) a Norinco SKS, 7.62x39 caliber rifle, Serial Number 22001331; (16) a Colt, AR-15 SP1, .223 caliber rifle, Serial Number SP193869; (17) a Sears and Roebuck (103.451), Model 45. 35 Rem caliber rifle, Serial Number Y22793; (18) a Winchester, Model 94, 30-30 caliber lever action rifle, Serial Number 4896346; (19) a Winchester, Model 70, 25-06 caliber bolt action rifle, Serial Number G1132245; (20) a Stevens, 410 single shot shotgun, with no Serial Number; (21) a Remington, Model 1100, 12 gauge semi-automatic shotgun, Serial Number R098566V; (22) a Chinese SKS, 7.62x39 caliber semi-automatic rifle, Serial Number 3041987; (23) a Browning, Model A-bolt, .22 caliber bolt action rifle, Serial Number 03349NM136;

(24) a FRS (Spain) imported by CAlGeorgia VT, .308 caliber bolt action rifle, Serial Number FR8-27698; (25) a Hi Point, Model 995, 9mm semi-automatic rifle, Serial Number B79816; (26) a Winchester, Model 70, .300 Win Mag caliber bolt action rifle, Serial Number G2177270; (27) a Ruger, M77 Mark II .22-250 caliber bolt action rifle, Serial Number 784-46721; (28) a Savage Arms, Model Springfield 745B, 12 gauge semi-automatic shotgun, with no Serial Number; (29) a JC Higgins Model 5831, 12 gauge pump action shotgun, with no Serial Number; (30) a Mossberg, Model 500A, 12 gauge pump action shotgun, Serial Number L971065; (31) a Mossberg, 500AG, 12 gauge pump action shotgun, Serial Number H904671; and (32) a Remington, Model 870 Express, 12 gauge action shotgun, Serial Number AB348222A. The defendant states he is the sole owner of the above-described property and agrees the above-described property shall be forfeited to the United States of America. The defendant agrees the above-described property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and agrees to the forfeiture of the above-described property in an administrative forfeiture proceeding, pursuant to 18 U.S.C. §§ 924, 981, and/or 983; the Code of Federal Regulations; and/or 19 U.S.C. §§ 1607-1609. The defendant agrees he will not file claims to the above-described property in the administrative or judicial forfeiture proceedings, and if he has filed claims to the above-described property in such proceedings, he now withdraws those claims and will execute the necessary documents to withdraw said claims and any other documents as requested by the government to effect the forfeiture of the above-described property and

the transfer of his interest in it to the government. The defendant waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative forfeiture proceeding with respect to the property, including those set out in 18 U.S.C. §§ 924 or 983; 19 U.S.C. § 1621; and/or any other applicable statute of limitations. The defendant agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property. The defendant waives all challenges (constitutional, statutory, habeas, etc.) to any forfeiture of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, storage, or forfeiture of the above-described property.

8. **Government's agreement**: The government will not bring any additional charges against Whittington based upon the conduct underlying and related to Whittington's plea of guilty. Further, the government will dismiss, after sentencing, any remaining charges in the pending superceding indictment, which counts are Count 1, 5, 24, 30, 48, and Count 117, the Forfeiture Count. However, the defendant understands and agrees that all the methamphetamine involved in the dismissed counts, including the .56 grams of methamphetamine manufactured by him on or about July 10, 2009, and approximately 32 additional grams of methamphetamine which he distributed to Co-conspirator Bobby Duwayne Froman, will be attributed to him pursuant to relevant conduct. With reference to forfeiture, the government will not seek forfeiture of the

**Whittington Plea Agreement - Page 7**

defendant's residence. Additionally, the government will not seek a fine or money judgment  The government will file a Supplement Plea Agreement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Whittington or any property.

9.     **Violation of agreement**:  Whittington understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Whittington for all offenses of which it has knowledge.  In such event, Whittington waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Whittington also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.    **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Whittington waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Whittington, however, reserves the right: (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment, and (b) any claims of ineffective assistance of counsel.

12. **Representation of counsel**: Whittington has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Whittington has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Whittington has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 18th day of November, 2009.

_____
MARVIN LEE WHITTINGTON
Defendant

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
C. RICHARD BAKER
Assistant United States Attorney
Texas State Bar No. 01565500
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:  806.472.7562
Facsimile:  806.472.7394
E-mail:  richard.baker@usdoj.gov

_____
RUSSELL I. GUNTER, II
Attorney for Defendant

_____
DENISE B. WILLIAMS
Deputy Criminal Chief

**Whittington Plea Agreement - Page 10**

## DEFENDANT'S CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     _November 18, 2009_____
MARVIN LEE WHITTINGTON              DATE
Defendant


## ATTORNEY'S CERTIFICATION

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     _11/18/2009_____
RUSSELL I. GUNTER, II               DATE
Attorney for Defendant

**Whittington Plea Agreement - Page 11**